UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRASHANT RAWAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 07 C 5561 |
| vs. | ) |
| | ) Judge Feinerman |
| UNITED AIR LINES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Prashant Rawal brought this discrimination and retaliation suit against Defendant United Air Lines, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The court granted summary judgment to United on the retaliation claim. 2008 WL 4890169 (N.D. Ill. Nov. 12, 2008) (Coar, J.). Following a short jury trial, the court entered judgment in United's favor on the discrimination claim. Docs. 174, 176 (Coar, J.). Rawal filed and then voluntarily dismissed an appeal. Docs. 194, 202. In the meantime, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, United timely filed a bill of costs, which seeks recovery of $21,010.15. Doc. 180.

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion

when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chi.*, 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted). Rawal concedes that United is the prevailing party, but has three objections to the costs it seeks. Those objections are considered in turn.

  A. **Deposition Transcripts and Services**

Section 1920(2) permits recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The law governing the recovery of costs for deposition transcripts is as follows:

> [P]laintiff's argument that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily obtained for use in this case is … without merit. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court.

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (citation omitted).

Rawal objects to costs associated with the depositions of Megan Detzner, Kevin Spars, Andrea Kent, Sharon Kristensen, and Donna Flood because they were not called to testify at trial and because their deposition transcripts were not submitted in conjunction with United's summary judgment motion. Doc. 190 at 3. As United observes, however, all five witnesses were on Rawal's witness list, and the record offers no basis to conclude that United knew when they were deposed that Rawal would not call them at trial. Doc. 193 at 3. It follows that the depositions were reasonably necessary to the case at the time they were taken. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both

that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.") (citations and internal quotation marks omitted). Rawal's objection therefore is overruled.

B.   **Daily Trial Transcripts**

Rawal objects to the recovery of costs United incurred for daily trial transcripts. The standard governing the recovery of costs for trial transcripts is as follows: "[A]lthough courts may not tax the costs of transcripts … provided merely for the convenience of the requesting attorney, a transcript need not be absolutely indispensable in order to provide the basis of an award of costs." *Majeske v. City of Chi.*, 218 F.3d 816, 825 (7th Cir. 2000) (citation and internal quotation marks omitted). Costs associated with daily trial transcripts may be recovered where the trial is "lengthy and complex." *Id*. at 825 n.3. Costs for daily transcripts generally are not reasonably necessary, and thus may not be recovered, where the case is short and simple. *See Bogan v. City of Chi.*, 2010 WL 2635789, at *2-3 (N.D. Ill. June 28, 2010); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, 2006 WL 2054382, at *2 (N.D. Ill. July 18, 2006); *Ernst v. Anderson*, 2006 WL 163024, at *2 (N.D. Ill. Jan. 18, 2006).

United contends that it needed daily trial transcripts to prepare for closing arguments and to argue objections during trial. Doc. 193 at 3. The contention is unpersuasive. The trial was very short, lasting less than three days, and the case was simple and straightforward. Given the circumstances, United's decision to obtain daily transcripts was more a matter of convenience than of necessity. *See Serwatka v. City of Chi.*, 2011 WL 2038725, at *3 (N.D. Ill. May 24, 2011). Rawal's objection to the $1464.50 associated with obtaining daily transcripts (Doc. 180-6 at 2) accordingly is sustained.

C.     **Electronic Document Processing**

Rawal objects to the $14,997.50 United seeks "for the cost of electronically producing and processing email accounts and user-created files into searchable format in order to search relevant electronic mail and files using search terms agreed upon by the parties to comply with its discovery obligations." Doc. 180 at 2-3. Section 1920(4) permits the recovery of costs "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Cost may be awarded under § 1920(4) for electronically scanning and processing documents because the "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper.'" *Brown v. McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007); *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005); *Ridings v. Riverside Med. Ctr.*, 2007 WL 924020, at *2 (C.D. Ill. Mar. 26, 2007). Such costs are limited, however, to processing that is the equivalent of "exemplification or making copies," and do not encompass work that goes beyond "merely converting a paper version into an electronic document." *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 446 (E.D. Va. 2011) (denying costs for electronic processing due to lack of evidence regarding which methods were employed and to what purpose).

The point is illustrated by *Windy City Innovations, LLC v. America Online, Inc.*, 2006 WL 2224057 (N.D. Ill. July 31, 2006). AOL, the prevailing party, sought to recover:

> costs incurred for Optical Character Recognition ("OCR"), coding services, and keyword searching. OCR refers to a computer program that converts an electronically stored document into a searchable text file, while [c]oding services review production documents and input into a commercial litigation database system information about the documents, such as the document date, document recipient, document author, etc. Keyword searching permits a party to search a document for a specific word more efficiently.

*Id*. at *3 (brackets in original) (internal quotation marks omitted). The court denied those costs, explaining that because "[t]he computer document coding systems for which AOL is seeking costs perform[] the work an attorney, paralegal or law clerk would have to perform in its absence," the "expenses for such systems are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit that are recoverable in a bill of costs." *Ibid*. (internal quotation marks omitted) (brackets in original). Rejecting AOL's argument that the losing party "'demanded that AOL produce documents including specific search terms, the identification of which required' these computer document coding systems," the court said: "Typically in a case, document requests require parties to find documents that discuss certain events, phrases, or terms. Such a request is not sufficient to bring computer document coding systems into the realm of recoverable costs." *Ibid*.; *see also Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991) ("to the extent that Sears incurred the microfilm expenses in lieu of expenses for reviewing of documents, the microfilm expenses are not recoverable as copying costs") (internal quotation marks and citation omitted); *Comrie v. IPSCO Inc.*, 2010 WL 5014380, at *5 (N.D. Ill. Dec. 1, 2010) ("The costs associated with searching are not recoverable in this case. … These costs are equivalent to having an attorney or paralegal read through the documents, at an hourly rate, to determine whether documents are responsive.").

United's request for costs associated with "electronically producing and processing e-mail accounts and user-created files into searchable format" suffers from the same flaw. United's billing sheets and affidavits indicate that individuals from the "Litigation Support Department" of United's outside counsel performed those services. Typical lines on the billing sheets read: "Compile, organize and prepare for attorney review electronic documents," "Compile and organize electronic documents regarding several custodian and plaintiff to assist

attorney in preparing for the case," and "Prepare documents for attorney review." Doc. 180-5 at 3. Those tasks go far beyond the mere reproduction or exemplification of documents; instead, they comprise the kind of work conventionally performed by attorneys and paralegals, the costs of which are not recoverable under § 1920(4). It is possible that some of the electronic processing costs were incurred simply for the "electronic scanning of documents," which are recoverable. *Brown*, 526 F. Supp. 2d at 959. But because United does not separate those costs from the unrecoverable costs associated with creating a searchable database, it has failed to carry its "burden of demonstrating the amount of its recoverable costs." *Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006). Rawal's objection to United's request for $14,997.50 in electronic processing costs therefore is sustained.

* * *

Rawal's objections to United's bill of costs are sustained in part and overruled in part. United's request for $21,010.15 in costs is reduced by $14,997.50 for the electronic document processing and $1464.50 for the daily trial transcripts, resulting in allowable costs of $4,548.15.

February 22, 2012

_____
United States District Judge